UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAUREEN HORAN,

                                Plaintiff,

      -against-

NASSAU BOCES and EASTON HAZEL, in his
Individual capacity pursuant to 42 U.S.C. § 1983,

                                Defendants.
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    OCT 26 2015    ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 14-7345 (LDW) (GRB)

APPEARANCES:

    SCOTT MICHAEL MISHKIN, PC
    BY:    Kathleen A. Tirelli, Esq.
    Attorneys for Plaintiff
    One Suffolk Square, Suite 240
    Islandia, New York 11749

    SILVERMAN & ASSOCIATES
    BY:    Lewis R. Silverman, Esq.
    Attorneys for Defendants
    445 Hamilton Avenue #1102
    White Plains, New York 10601

WEXLER, District Judge:

    Before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion. For the following reasons, Defendants' motion is granted with respect to Plaintiff's negligence claim. In all other respects, the motion is denied.

## BACKGROUND

Plaintiff, Maureen Horan ("Horan" or "Plaintiff"), commenced employment with Defendant Nassau BOCES ("BOCES") in 1999, holding various positions over the next fourteen years, including substitute Licensed Practicing Nurse, part-time Teacher's Aide and full-time Teacher's Aide. (1st Am. Compl. ¶¶ 6, 29-33.) For the 2013-2014 school year, Plaintiff was assigned to be a Teacher's Aide in a classroom in BOCES' Center for Community Adjustment, which serves troubled teens. The ages of the students in Plaintiff's classroom ranged from fifteen to twenty-one. (Id. ¶¶ 34-35, 37.) Defendant Easton Hazel ("Hazel") was employed by BOCES as an Assistant Principal and was Plaintiff's direct supervisor. (Id. ¶¶ 16, 36.)

While employed as a Teacher's Aide, Plaintiff sustained severe physical injuries resulting from physical contact with some of the students attending BOCES. (Id. ¶ 38.) Such injuries resulted in scarring on Plaintiff's body and required her to have surgery, rehabilitation and psychological treatment. (Id.) Despite advising Defendant Hazel of her injuries and that future physical contact with students would result in Plaintiff suffering further injury, Hazel directed Plaintiff to physically restrain students who were acting out or be subject to administrative action for insubordination, including termination. (Id. ¶¶ 39-40.) On more than one occasion, Hazel and other BOCES staff members watched and took no action as Plaintiff was bitten, kicked, punched, thrown against walls, desks and radiators, had chairs, desks and books thrown at her and was spat upon while attempting to physically restrain a student, as per Hazel's direction. (Id. ¶ 41.) When Plaintiff complained to Hazel about the physical abuse she was suffering, Hazel directed her back to work and no disciplinary action was taken against any of the students. (Id. ¶¶ 43-56.)

On October 16, 2013, one of the students in Plaintiff's class was using vulgar language and Plaintiff asked the student to stop. (Id. ¶ 57.) The student refused and cursed at Plaintiff. (Id.) The student then got up from his seat and Plaintiff asked him to sit down. (Id. ¶ 58.) The student kept cursing at Plaintiff and then ran towards her desk. (Id. ¶¶ 59-60.) Plaintiff stood up from the desk to get away from the student, at which point the student "chest butted" Plaintiff, pumping his chest out and slamming it into Plaintiff's chest. (Id. ¶ 61.) The student repeatedly hit Plaintiff in the chest while he yelled and screamed at her. (Id. ¶ 63.) At this point, the teacher assigned to the classroom ran into the hallway screaming for help. (Id. ¶ 64.)

Plaintiff attempted to push the student away from her but was unsuccessful. (Id. ¶ 65.) The student then pushed Plaintiff into a desk, and then, a radiator, injuring Plaintiff's lower back. (Id. ¶¶ 66-67.) The student continued to pound on Plaintiff's chest, pushing her around the classroom until a BOCES staff member pulled the student off of Plaintiff and restrained him. (Id. ¶¶ 68-69.) Plaintiff then left the classroom and drove straight home. (Id. ¶ 70.)

Shortly after arriving home, Plaintiff received both a text message and a voicemail from BOCES' staff members, advising Plaintiff that she needed to return to the school and complete paperwork. (Id. ¶¶ 72-73.) Plaintiff telephoned the school and spoke to Hazel, who directed her to return to BOCES, stating "I think an hour is enough time to pull yourself together and get back here." (Id. ¶¶ 74-75.) When Plaintiff returned to school, Hazel placed his hand on her shoulder and stated "Aw, you'll be all right." (Id. ¶ 81.) Hazel then directed Plaintiff to come to his office, where he handed her a note pad and told her to write down everything that happened. (Id. ¶¶ 83, 85.)

When Plaintiff completed her statement, Hazel asked her if she would be returning to

-3-

class, to which Plaintiff responded that she was only returning to get her things. (Id. ¶¶ 90-91.) Hazel then advised Plaintiff to sign out before she left for the day and to take the rest of the day as a sick day. (Id. ¶ 92.) As Plaintiff was leaving the building, Hazel said to her "So I'll see you tomorrow?" and advised Plaintiff that she needed to "get back up on that horse again." (Id. ¶ 93.)

Plaintiff did not return to work again after the incident on October 16, 2013. (Id. ¶ 94.) On October 8, 2014, Defendant BOCES advised Plaintiff that at the October 23, 2014 Board meeting, the Board of Education would be terminating her from her Teaching Aide position, effective October 31, 2014. (Id. ¶ 101.)

Plaintiff commenced the within action on December 17, 2014, alleging claims for violation of her equal protection rights under the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983 ("§ 1983"), as well as negligence under New York State law. By stipulation among the parties, Plaintiff amended her Complaint on May 13, 2015. Plaintiff's First Amended Complaint alleges the following causes of action: (1) a substantive due process violation, pursuant to § 1983; (2) municipal liability, pursuant to § 1983; and (3) negligence, pursuant to New York State law.[1]

## DISCUSSION

I.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556

---

[1] In contrast to the original Complaint, Plaintiff's First Amended Complaint contains no mention of an equal protection claim against Defendants. Accordingly, the Court deems that claim abandoned.

U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. See Iqbal, 556 U.S. at 678; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 556 U.S. at 678-79 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 556 U.S. at 679. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 556 U.S. at 678 (quoting Twombly, 555 U.S. at 557).

II. Negligence

Plaintiff's Amended Complaint contains a common law negligence claim against both Hazel and the District. (1st Am. Compl. Wherefore Clause ¶ 3.) However, as Defendants correctly point out, such a claim is barred by the New York Worker's Compensation Law, which provides "the exclusive remedy" for negligence claims against an employer. Sullivan v. Newburgh Enlarged Sch. Dist., 281 F. Supp. 2d 689, 709 (S.D.N.Y. 2003) (citing N.Y. Work. Comp. Law § 29(6)).

Pursuant to the New York Worker's Compensation Law, "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ."[2] N.Y. Work. Comp. Law § 29(6). "The Second Circuit has affirmed dismissals by district courts of negligent supervision, hiring and retention claims on this basis." Gomez v. North Shore Long Island Jewish Health Sys., No. 13-CV-2394, 2014 U.S. Dist. LEXIS 123593, at *11 (E.D.N.Y. Sept. 3, 2014) (collecting cases). Accordingly, Plaintiff's negligence claim fails as a matter of law.

Plaintiff argues that her negligence claims are not barred by the Worker's Compensation Law pursuant to a "special relationship theory," by which BOCES had a duty to protect Plaintiff from the conduct of others due to her "special relationship" as an employee. (Pl. Mem. of Law in Opp'n 12-13.) Plaintiff's argument is incorrect.

"It is well settled that absent a special relationship between the injured party and the public entity which allegedly committed the negligent act or omission, a governmental agency cannot be held liable for negligent acts committed in the performance of its governmental functions." Blanc v. City of New York, 636 N.Y.S.2d 112, 114 (2d Dep't 1996) (citing Sorichetti v. City of New York, 65 N.Y.2d 461, 468 (1985)); see also Genao v. Bd. of Educ., 888 F. Supp. 501, 505 (S.D.N.Y. 1995) ("Public entities . . . cannot generally be held liable for breach of their governmental duties."). Such a special relationship "is created only when the

---

[2] The New York Worker's Compensation Law exclusive remedy doctrine also "bars an employee from bringing a negligence . . . claim against . . . the employer's agent." Lauria v. Donahue, 438 F. Supp. 2d 131, 141 (E.D.N.Y. 2006) (citing N.Y. Work. Comp. Law § 11). Accordingly, Plaintiff's negligence claim against Hazel is similarly barred by the Worker's Compensation Law.

governmental agency assumes a duty to act on behalf of the injured party and that party justifiably relies on that assumption of duty to his or her detriment." Blanc, 636 N.Y.2d at 114; see also Genao, 888 F. Supp. at 508 (citing Kircher v. City of Jamestown, 74 N.Y.2d 251, 256 (1989)).

Contrary to Plaintiff's arguments, New York courts have routinely held that a plaintiff's status as an employee "is insufficient, without more, to create the requisite special duty as she was in the same position as every other school employee." Johnson v. New York City Bd. of Educ., 671 N.Y.S.2d 112, 114 (2d Dep't 1998); see also Sampson v. Bd. of Educ., 680 N.Y.S.2d 594, 595 (2d Dep't 1998) (same); Bisignano v. City of New York, 524 N.Y.S.2d 49, 50 (2d Dep't 1988) (same). Put simply, "an employer does not owe a special duty to an individual employee because it has an obligation to treat all employees in the same manner." Alexander v. Westbury Union Free Sch. Dist., 829 F. Supp. 2d 89, 112 (E.D.N.Y. 2011) (citing Cuchi v. New York City Off-Track Betting Corp., 818 F. Supp. 2d 647, 656 (S.D.N.Y. 1993)). Accordingly, Plaintiff cannot state a claim for negligence against Defendants pursuant to a "special duty" theory and the negligence claim is therefore dismissed, with prejudice.

III. The Remaining Claims

In determining the sufficiency of the Complaint, the Court assumes that all of the allegations contained therein are true and draws all reasonable inferences in Plaintiff's favor, see Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007), mindful, however, that plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007)). Upon consideration, the Court finds that Plaintiff's Complaint is sufficient to state a plausible claim for a violation of her substantive due process rights and municipal liability, pursuant to Section 1983. Defendants' motion to dismiss is therefore denied with respect to those claims.

IV.     Qualified Immunity

Qualified immunity protects a governmental official from civil liability if their conduct does not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Taravella v. Town of Wolcott, 599 F.3d 129, 133 (2d Cir. 2010) (internal quotations and citations omitted). When evaluating whether qualified immunity applies, the Court must engage in a two-party inquiry: (1) whether a constitutional right has been violated; and (2) whether that right was clearly established at the time of the alleged misconduct. See Pearson v. Callahan, 555 U.S. 223, 230-31 (2009).

As with a motion to dismiss, when evaluating whether qualified immunity is available to a defendant, the Court "must accept as true all well-pled factual allegations, and draw all reasonable inferences in the plaintiff's favor." Warney v. Monroe County, 587 F.3d 113, 120 (2d Cir. 2009) (citing Johnson v. Newburgh Enlarged Sch. Dist., 239 F.3d 246, 250 (2d Cir. 2001)). Accepting the allegations in Plaintiff's First Amended Complaint as true - that Defendant Hazel directed Plaintiff to continue to have physical contact with students despite her past injuries or else face administrative action, including termination, and that he took no action to assist Plaintiff after she was subjected to student violence - Hazel may not be entitled to qualified immunity.

Accordingly, Defendants' motion to dismiss Plaintiff's First Amended Complaint against Hazel on the grounds of qualified immunity is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's First Amended Complaint is granted solely with respect to Plaintiff's negligence claim and that claim is dismissed, with prejudice. In all other respects, Defendants' motion is denied.

**SO ORDERED:**

Dated: Central Islip, New York
October 26, 2015

s/ Leonard D. Wexler
_____
LEONARD D. WEXLER
United States District Judge